**NOT FOR PUBLICATION**

**FILED**

SEP 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALLISON BARTON RICE, an individual, | No. 20-15087 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-04250-LB |
| v. | MEMORANDUM[*] |
| CITY AND COUNTY OF SAN FRANCISCO; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding[**]

Submitted September 8, 2020[***]

Before:  TASHIMA, SILVERMAN, and OWENS, Circuit Judges.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Allison Barton Rice appeals pro se from the district court's judgment dismissing his housing and disability discrimination action arising out of defendants' denial of his request to have a rent-paying roommate. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *McGary v. City of Portland*, 386 F. 3d 1259, 1261 (9th Cir. 2004). We affirm in part, reverse in part, and remand.

The district court properly dismissed Rice's Americans with Disabilities Act ("ADA") claim because Rice failed to allege facts sufficient to show that he was "excluded from participation in or denied the benefits of [defendants'] services, programs, or activities" because of his disability. 42 U.S.C.A. § 12132; *McGary*, 386 F.3d at 1265 (elements of a disability discrimination claim under Title II of the ADA).

The district court properly dismissed Rice's 42 U.S.C. § 1983 claim because Rice failed to allege facts sufficient to show that defendants discriminated against him on the basis of his disability. *See Lee v. City of Los Angeles*, 250 F.3d 668, 686-87 (9th Cir. 2001) (elements of an equal protection claim under § 1983).

The district court properly dismissed Rice's 42 U.S.C. § 1985(3) claim because Rice failed to allege facts sufficient to show that defendants conspired to deprive him of equal protection of the laws. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988) (elements of a claim under § 1985(3)); *id*.

20-15087

at 626 (explaining that "[a] mere allegation of conspiracy without factual specificity is insufficient" to state a § 1985(3) conspiracy claim).

The district court dismissed Rice's Fair Housing Act ("FHA") claim for failure to state a claim because defendants did not deny Rice an accommodation needed for his disability, but instead denied him a rent-paying roommate, which he was not permitted to have under his condominium agreement unless he met certain exceptions, which he did not. However, liberally construed, Rice alleged that his requested accommodation of a rent-paying roommate was reasonable and necessary to accommodate his mental health disability, and that defendants failed to provide a reasonable accommodation for his disability when they refused to grant him an exception to the agreement to permit him to have a rent-paying roommate. *See Budnick v. Town of Carefree,* 518 F.3d 1109, 1119 (9th Cir. 2008) (elements of a failure-to-accommodate claim under the FHA). We therefore reverse the judgment as to this claim only, and remand for further proceedings.

The district court did not abuse its discretion by denying Rice's motion for default judgment because defendants in their official capacities had already filed a motion to dismiss the complaint, and defendants in their individual capacities had not been properly served. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (setting forth standard of review and factors for determining whether to enter default judgment).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Rice's related state law claims. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (standard of review; court may decline supplemental jurisdiction over related state law claims once it has dismissed all claims over which it has original jurisdiction).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

20-15087